IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIMOTHY HUNT, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:12-CR-216-WSD-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|     Respondent. | :: | 1:16-CV-4364-WSD-LTW |

## FINAL REPORT AND RECOMMENDATION

In 2012, Movant pled guilty, pursuant to a negotiated plea agreement, to distributing child pornography. (Docs. 9, 22-1.)[1] On May 13, 2013, the Court sentenced Movant to ten years' imprisonment and twenty years' supervised release. (Doc. 36.) Movant did not file an appeal. (Doc. 38 at 2, 4.)

On November 15, 2016, Movant, pro se, filed a motion seeking relief from his sentence under 28 U.S.C. § 2255.[2] (Doc. 38.) Movant asserts one ground for relief: he argues that his sentence should be reduced pursuant to a clarifying amendment to the U.S. Sentencing Guidelines (the "Guidelines") that became effective on November

---

[1] All citations to the record are to 1:12-cr-216-WSD-LTW.

[2] A prisoner proceeding pro se is deemed to have filed a document in federal court on the date he gave it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Movant certified that he placed his § 2255 motion in the prison mailing system on November 15, 2016. (Doc. 38 at 13.)

1, 2016. (*Id.* at 4.) The amendment was to Guidelines § 2G2.2(b)(3)(B), which enhances the imprisonment range calculated under the Guidelines for distribution of child pornography for means other than pecuniary gain.[3] (*Id.*)

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the § 2255 motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[4] Rule 4, § 2255 Proceedings.

---

[3] "[A] claim that the sentence imposed is contrary to a post-sentencing *clarifying* amendment [to the Guidelines] is a non-constitutional issue that does not provide a basis for collateral relief [under § 2255] in the absence of a complete miscarriage of justice." Burke v. United States, 152 F.3d 1329, 1332 (11th Cir. 1998) (emphasis added); see United States v. Armstrong, 347 F.3d 905, 908–09 (11th Cir. 2003) (noting that clarifying amendments are retroactively applicable in § 2255 proceedings). A prisoner seeking a sentence reduction based on a *substantive* amendment to the Guidelines generally must do so via a motion under 18 U.S.C. § 3582(c)(2). See Armstrong, 347 F.3d at 909. The amendment to Guidelines § 2G2.2(b)(3)(B) appears to be substantive, but Movant contends it is a clarifying amendment and has sought relief expressly under § 2255. See United States v. Garcia, No. 15-11569, 2016 WL 3595486, at *1 n.2 (11th Cir. July 5, 2016) (considering the amendment to § 2G2.2(b)(3) a substantive one). Even if the amendment is a clarifying one for which relief is cognizable under § 2255, Movant is not entitled to relief for the reasons discussed below.

[4] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006). This Report and Recommendation provides such notice.

AO 72A
(Rev.8/82)

It is plainly apparent from Movant's § 2255 motion and the record in this case that Movant is not entitled to relief under § 2255 for at least two reasons. First, his § 2255 motion is untimely. Second, the motion is barred by the appeal waiver in his plea agreement.

A § 2255 motion generally must be filed within one year of the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Movant's judgment of conviction became final in May 2013 because that was the deadline to file an appeal of the judgment and Movant did not file an appeal. *See* Fed. R. App. P. 4(b)(1)(A) (requiring notice of appeal to be filed within fourteen days of entry of judgment). Movant filed his § 2255 motion over three years after his judgment of conviction became final.

An alternative starting date for the one-year limitations period is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Movant contends that alternative starting date applies here because the amendment to Guidelines § 2G2.(b)(3)(B), which is the basis of his claim for relief under § 2255, did not become effective until November 1, 2016. (Doc. 38 at 12.)

3

While the Guidelines amendment may be "new law," (*id.*), it is not a right newly recognized by the U.S. Supreme Court. Section 2255(f)(3) thus does not apply here and does not provide a later starting date for the one-year limitations period. Movant had one year from the date his judgment of conviction became final to file his § 2255 motion. Because he did not file the motion within that one-year period, the Court cannot consider the motion.

Even if Movant had timely filed his § 2255 motion, the Court still cannot consider Movant's sentencing claim because of the appeal waiver in his plea agreement. Movant

> voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except on the ground that his sentence is substantively unreasonable under Title 18, United States Code, Section 3553(a), and except that [Movant] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

(Doc. 22-1 at 9.) That provision also allowed Movant to file a cross-appeal if Respondent filed an appeal. (*Id.*)

Respondent did not file an appeal, the Court did not vary or depart upward from the Guidelines range, and Movant's claim in his § 2255 motion is not that his sentence

4

is substantively unreasonable under 18 U.S.C. § 3553(a).[5]  The appeal waiver in Movant's plea agreement thus bars his § 2255 motion.

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion [38] be **DISMISSED** under Rule 4 of the § 2255 Rules and that civil action number 1:16-cv-4364-WSD-LTW be **DISMISSED**.  The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has not made a substantial showing that he was denied a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 2 day of December, 2016.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[5] In fact, the Court sentenced Movant to a term of imprisonment below the bottom end of the Guidelines range.  (*See* Docs. 27, 29, 33, 36.)