**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **TIMOTHY HUNT,** | |
| Movant, | |
| v. | 1:12-cr-216-WSD |
| **UNITED STATES OF AMERICA,** | 1:16-cv-4364-WSD |
| Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [39] ("R&R"). The R&R recommends the Court deny Movant Timothy Hunt's ("Movant") 28 U.S.C. § 2255 Motion [38] ("Section 2255 Motion"). Also before the Court is Movant's Motion to Amend his Section 2255 Motion [41].

**I.   BACKGROUND**[1]

In 2012, Movant pled guilty, pursuant to a negotiated plea agreement, to distributing child pornography. ([9], [22.1]). On May 13, 2013, the Court

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

sentenced Movant to ten years' imprisonment and twenty years' supervised release.  ([36]).  Movant did not file an appeal.  ([38] at 2, 4).

On November 15, 2016, Movant, *pro se*, filed his Section 2255 Motion.  Movant asserts one ground for relief:  he argues that his sentence should be reduced pursuant to a clarifying amendment to the U.S. Sentencing Guidelines (the "Guidelines") that became effective on November 1, 2016.  (Mot. at 4).  The amendment was to Guidelines § 2G2.2(b)(3)(B), which enhances the imprisonment range calculated under the Guidelines for distribution of child pornography for means other than pecuniary gain.  (Id.).

On December 2, 2016, the Magistrate Judge issued her R&R.  The Magistrate Judge found that Movant is not entitled to relief under Section 2255 because (1) his Motion is untimely, and (2) the Motion is barred by the appeal waiver in his plea agreement.  Movant did not file any objections to the R&R.

On December 15, 2016, Movant filed his Motion to Amend.  In it, he seeks a thirty (30) day extension to file an amendment to his Section 2255 Motion.  Movant did not state a reason for his request to amend.  To date, Movant has not filed a proposed amendment to his Section 2255 Motion.

**II.   DISCUSSION**

    A.    <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    <u>Analysis</u>

The Magistrate Judge found that Movant is not entitled to relief under Section 2255 because (1) his Motion is untimely, and (2) the Motion is barred by the appeal waiver in his plea agreement.  A Section 2255 motion generally must be filed within one year of the date the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1 ).  The Magistrate Judge noted that Movant's judgment of conviction became final in May 2013, because that was the deadline to file an appeal of the judgment and Movant did not file an appeal.  <u>See</u> Fed. R. App. P.

4(b)(1)(A) (requiring notice of appeal to be filed within fourteen days of entry of judgment). The Magistrate Judge determined that Movant filed his Section 2255 Motion over three years after his judgment of conviction became final, and it is thus untimely.[2] The Court finds no plain error in these findings and recommendation. See Slay, 714 F.2d at 1095.

The Magistrate Judge found that, even if Movant had timely filed his Section 2255 Motion, Movant voluntarily and expressly waived the right to appeal his conviction and sentence and to collaterally attack his conviction and sentence in any post-conviction proceeding, including through a motion under Section 2255. The Magistrate Judge found that Movant's appeal waiver bars his Section 2255 Motion. Accordingly, the Magistrate Judge recommends the Court dismiss Movant's Section 2255 Motion, and that a certificate of appealability ("COA") be denied because Movant has not made a substantial showing that he was denied a constitutional right. The Court finds no plain error in these findings and

---

[2]  Movant argues that November 1, 2016, the date on which the amendment to Guidelines § 2G2.(b)(3)(B) became effective, should be the starting date for the one-year limitations period. The Magistrate Judge rejected this argument, because the amendment is not a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." (R&R at 4 (quoting 28 U.S.C. § 2255(f)(3))). The Court finds no plain error in these findings and recommendation. See Slay, 714 F.2d at 1095.

recommendation, and Movant's Section 2255 Motion is dismissed and a COA is denied. See Slay, 714 F.2d at 1095.

In his Motion to Amend, Movant sought a thirty (30) day extension to file an amendment to his Section 2255. More than thirty days have passed, and Movant has not filed any amendments. Movant also does not identify what amendments he seeks to make to his Section 2255 Motion. It does not appear any amendment could save his untimely and unmeritorious claim, and Movant's Motion to Amend is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [39] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's 28 U.S.C. § 2255 Motion [38] is **DENIED**, and civil action number 1:16-cv-4364 is **DISMISSED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Amend his Section 2255 Motion [41] is **DENIED**.

**SO ORDERED** this 7th day of February, 2017.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE