IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

TIMOTHY HUNT,

        **Defendant.**

1:12-cr-00216-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Timothy Hunt's ("Defendant") *pro se* Motion to Withdraw his Motion pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion") [38] and Amend his Section 2255 Motion to a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) [44] ("Motion" or "Motion to Withdraw and Amend").

**I.    BACKGROUND**

In 2012, Movant pled guilty, pursuant to a negotiated plea agreement, to distributing child pornography.  ([9], [22.1]).  On May 13, 2013, the Court sentenced Movant to ten years' imprisonment and twenty years' supervised release.  ([36]).

On November 15, 2016, Defendant, *pro se*, filed his Section 2255 Motion. On December 2, 2016, Magistrate Judge Linda T. Walker issued her Report and

Recommendation [39] ("R&R"). In it, the Magistrate Judge found that Defendant was not entitled to relief under Section 2255 because (1) his Section 2255 Motion was untimely, and (2) his Section 2255 Motion was barred by the appeal waiver in his plea agreement. The Magistrate Judge recommended that the Court deny Defendant's Section 2255 Motion. Defendant did not file any objections to the R&R.

On February 7, 2017, the Court adopted the Magistrate Judge's R&R and denied Defendant's Section 2255 Motion [42] and the Clerk of Court entered judgment on the same day. ([43]).

On February 13, 2017, Defendant filed his Motion to Withdraw and Amend. In it, Defendant requests that (i) he be allowed to withdraw his Section 2255 Motion and (ii) that he be allowed to amend the Section 2255 Motion to a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). Defendant argues that he is entitled to a sentence reduction "in light of the US Sentencing Commission's substantive amendment change to Guideline §2G2.2(b)(3)(B) and subsection §(b)(3)(F). . . ." (Mot. at 1). Defendant states that "the Commission formulated a substantive change to law in its determination to amend the 5-level enhamncement [sic] for distribution of child pornography to settle disputes in circuit splits and sentencing disparities of defendants accused of similar offenses. . . ." (Id. at 3).

Defendant argues that he is eligible for a "5-level sentence reduction" due to this change in the language of the Guidelines. (Id.).

## II.   DISCUSSION

A.   Request to Withdraw and Amend Section 2255 Motion

An amendment to a pleading is allowed, in specific circumstances, under Rule 15(c) of the Federal Rules of Civil Procedure:

> Rule 15(c) allows "an amendment to a pleading [to] relate[ ] back to the date of the original pleading." Rule 15 can be used in cases where a defendant files a timely § 2255 motion and then later files an amendment or additional motion that relates back to the original § 2255, but would otherwise be untimely. [Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000)]. An amendment "relates back" to the date of the original pleading if it, "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out ... in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). Importantly, a motion under § 2255 can only be amended under Rule 15 before judgment is issued; Rule 15 has no post-judgment application. Jacobs v. Tempur–Pedic Int'l, Inc., 626 F.3d 1327, 1344–45 (11th Cir.2010).

United States v. Hames, 431 F. App'x 846, 847 (11th Cir. 2011).

On February 7, 2017, the Court denied Defendant's Section 2255 Motion and the Clerk of Court issued its judgment against Defendant. Defendant now requests to "withdraw and amend" his previously denied Section 2255 Motion. Defendant's request to amend is time barred and is required to be denied.

B.    Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2)

The Court has jurisdiction to modify a term of imprisonment, after it has been imposed, only where expressly permitted by 18 U.S.C. § 3582.  United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  The Court lacks "inherent power" to re-sentence a defendant.  Id. at 1196–97.

Section 3582 authorizes the modification of a sentence

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

Id. at 1195 (internal citation omitted) (citing 18 U.S.C. § 3582(c)).

On November 1, 2016, the United States Sentencing Commission ("Sentencing Commission") amended §2G2.2(b).  See U.S. Sentencing Guidelines Manual, Suppl. to App. C, Amendment 801 (U.S. Sentencing Comm'n 2016).  Amendment 801 amended the language of §2G2.2(b) to "resolve[] differences among the circuits in applying the [2-level and] 5-level [child pornography] distribution enhancement[s] by clarifying the mental state required for distribution of child pornographic material for non-pecuniary gain, particularly when the case

4

involves a file-sharing program or network." Id. at 146.  The Commission did not provide a reduction for distribution of child pornography offenses.

The Sentencing Commission did not make Amendment 801 retroactive to convictions occurring prior to November 1, 2016.  See U.S.S.G. §1B1.10.  Amendment 801 is not listed in Guidelines Section 1B1.10(d) as an amendment that can be applied retroactively.  U.S.S.G. §1B1.10(a)(2)(A), (d), comment. (n.1(A)).  The Court thus is without jurisdiction to reduce Defendant's sentence as he requests and Defendant's Motion for Sentence Reduction is required to be denied.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Timothy Hunt's *pro se* Motion to Withdraw his Motion pursuant to 28 U.S.C. § 2255 [38] and Amend his Section 2255 Motion to a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) [44] is **DENIED**.

**SO ORDERED** this 23rd day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE